IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
ANGELENA JAQUILLARD,           *
                               *
     Plaintiff,                *
                               *
          v.                   *    CV 410-167
                               *
THE HOME DEPOT U.S.A., INC.,   *
AND JOHN DOES 3-10,            *
                               *
     Defendants.               *
```

## O R D E R

Presently pending before the Court are Angelena Jaquillard's ("Plaintiff") Motion for Admission of Prior Similar Incidents (doc. no. 29) and Motion Disputing Confidentiality of Prior Incidents (doc. nos. 33 & 76), as well as Home Depot U.S.A., Inc.'s ("Defendant") Motion for Hearing (doc. no. 51) on motions related to prior similar incidents and Motion for Redaction (doc. no. 36). The Court will address each motion in turn.

### I. BACKGROUND

This case arises from injuries Plaintiff sustained as a result of a slip and fall accident that occurred at the Home Depot store located on Victory Drive in Savannah, Georgia ("Defendant's store"). On July 3, 2008, Plaintiff was shopping in the outdoor garden center of Defendant's store when she slipped and fell in the plant aisle. Plaintiff claims that the area where she fell was wet because a vendor was watering plants a few aisles over from her

location. (Compl. ¶ 12.) On June 29, 2010, Plaintiff filed suit against Defendant in the State Court of Chatham County, Georgia alleging claims of negligence and requesting punitive damages. (Doc. no. 1 at 3.) In her Complaint, Plaintiff alleges that Defendant was negligent by allowing plants to be watered during times when customers were present in the garden center and failing to barricade those areas from customers. (Compl. ¶¶ 21, 23.)

Plaintiff further alleges that punitive damages are appropriate because Defendant had notice of this hazard. (Doc. no. 30 at 9-10.) As evidence of this notice, Plaintiff points to 188 incidents of slips and falls on wet floors in Home Depot garden centers throughout the Southeastern United States during the years 2003-2008 ("188 incidents"). Plaintiff seeks to introduce these 188 incidents as prior similar incidents for the purpose of showing that Defendant had notice of the allegedly hazardous condition. (Doc. no. 30.)

Defendant, however, argues that because the 188 incidents involve "different customers, at different stores, in different states, under different conditions, . . . with different results," the 188 incidents are inadmissible. (Doc. no. 41 at 6.) Defendant requests a hearing to determine whether the 188 incidents are indeed prior similar incidents. (Doc. no. 51.) However, because Plaintiff requests that any evidence presented in the hearing be limited to what is already in the record, namely the record logs and testimony from corporate representatives, the Court declines to hold a hearing on this issue. Accordingly, Defendant's Motion for

Hearing on Motions Related to Prior Similar Incidents (doc. no. 51) is **DENIED**.

## II. LEGAL STANDARD

The Eleventh Circuit has instructed that evidence of prior incidents is admissible "so long as the conditions of the prior incidents are substantially similar to the occurrence in question and are not too remote in time." Wyatt v. Otis Elevator Co., 921 F.2d 1224, 1227 (11th Cir. 1991). This evidentiary doctrine applies when one party seeks to admit prior accidents or occurrences involving the opposing party, in order to show, for example, "notice, magnitude of the danger involved, the [party's] ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation." Jones v. Otis Elevator Co., 861 F.2d 655, 661 (11th Cir. 1988). "[T]he proponent of such evidence must show that 'conditions substantially similar to the occurrence caused the prior accidents.'" Heath v. Suzuki Motor Corp., 126 F.3d 1391, 1396 n.12 (11th Cir. 1997) (quoting Hessen v. Jaguar Cars, 915 F.2d 641, 649 (11th Cir. 1990)).

"In order to limit the substantial prejudice that might inure to a party should these past occurrences or accidents be admitted into evidence, courts have developed limitations governing the admissibility of such evidence, including the 'substantial similarity doctrine.'" Heath, 126 F.3d at 1396. "This doctrine applies to protect parties against the admission of unfairly

3

prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury." Id.

### III. DISCUSSION

#### A. Admission of Prior Similar Incidents

Plaintiff seeks to introduce evidence of similar occurrences in order to show that Defendant had notice of a hazardous condition. In this case, Plaintiff alleges that she fell on a wet floor in the outdoor garden center of Defendant's store. Plaintiff therefore argues that the 188 incidents constitute prior similar incidents because each incident involves a fall on a wet floor in an outside garden center of a Home Depot store in the southeastern United States. (Doc. no. 30 at 6.) Plaintiff argues that the same "condition" is present in each incident - a wet floor. (Doc. no. 42 at 3.) In opposition, Defendant argues that these incidents are not similar enough to be considered "substantially similar." (Doc. no. 41 at 6.) Furthermore, Defendant argues that none of the 188 incidents are admissible as similar incidents because it is unclear exactly how Plaintiff fell based on varying descriptions in the record. (Id. at 6-7.) Thus, Defendant concludes it is impossible to determine whether any of the 188 incidents are substantially similar to the incident in question. (Id.)

To a large extent, the Court agrees with Defendant. Plaintiff seeks to introduce all incidents where a customer complained of a slip and fall caused by a wet floor in a Home Depot garden center in the southeast. However, of the 188 incidents, many of the wet

4

floors resulted from something other than plant watering. For instance, approximately twenty-nine (29) incidents were allegedly caused by rainwater, while others were reportedly caused by puddles of unknown origins. Moreover, in more than half of the 188 incidents, there is no indication of the source of the water that allegedly caused the slip and fall. In fact, only thirteen of the 188 incidents were allegedly the result of plant watering.

The Court notes that Defendant's argument would only allow the admission of incidents that are identical, rather than substantially similar. The Eleventh Circuit, however, has instructed that prior similar incidents are admissible to show notice as long as the *conditions* of the prior incidents are *substantially similar* to the incident in question. See Wyatt, 921 F.2d 1227; Jones, 861 F.2d at 661-62 (finding that conditions substantially similar to the occurrence in question must have caused the accident in order to be admissible as prior similar incidents). Here, the conditions present during Plaintiff's fall at Defendant's store are an allegedly wet floor caused by plant watering.

Accordingly, the Court finds that the thirteen incidents involving slips and falls in Defendant's garden centers reportedly caused by plant watering are substantially similar to the incident in question. Additionally, these incidents are not so remote in time as to confuse or mislead the jury. All thirteen incidents occurred between 2004 and the date of Plaintiff's injury. Therefore, these thirteen incidents will be admissible as prior similar incidents. Plaintiff, however, has failed to show that the

other 175 incidents are substantially similar, and thus, evidence of these other incidents is inadmissible.

### B. Confidentiality of Prior Incidents

In her motion, Plaintiff seeks to have the "Confidential" designation removed from the production of the logs containing the 188 incidents. (Doc. no. 76.) She states that "there is nothing about these prior incidents that is confidential" yet Defendant still designated these incidents as confidential information pursuant to the Confidentiality Stipulation and Protective Order (the "Confidentiality Agreement"). (Id. at 2.) Furthermore, although Plaintiff acknowledges that she entered into the Confidentiality Agreement, she argues that no order was ever entered or submitted to this Court regarding this agreement. (Id. at 1.) Plaintiff states that even if the Confidentiality Agreement is in effect, she has the right to request that the Court remove the confidential status pursuant to the agreement. (Doc. no. 64 at 2.)

In response, Defendant argues that the 188 incidents are confidential information that are "a very real and serious threat to [Defendant] and its business." (Doc. no. 52.) Defendant clarifies that while it reserves the right to contest that the 188 incidents constitute admissible evidence of substantially similar prior incidents, it will not seek to preclude Plaintiff from using any of these incidents, if permitted, at trial. (Id. at 4.) Defendant merely requests that the logs containing the 188 incidents be redacted from the PACER system and that the Court

order Plaintiff to move under Local Rule 79.7 to have the documents sealed.

The Court finds no reason to disturb Defendant's confidential designation of the logs containing the 188 incidents. Defendant is not contesting the use of these incidents should they be admissible as prior similar incidents, nor does the Confidentiality Agreement limit the parties from using the confidential information at trial. Accordingly, the Court can see no reason to "downgrade" the confidential designation where (1) Defendant alleges that the logs are a "serious threat" if allowed to remain public, and (2) Plaintiff has not demonstrated any practical reason for the requested "downgrade" or potential prejudice if the logs remain confidential. Accordingly, Plaintiff's Motion Disputing the Confidentiality of Prior Incidents (doc. no. 76) is **DENIED**.

The Court notes that when the parties filed their Rule 26(f) Report on September 10, 2010, the Confidentiality Agreement was attached as a separate proposed order that the parties wished the Court to enter. (Doc. no. 8. at 3-10.) It is apparent that both parties entered into this stipulation and intended for the Court to enter this Confidentiality Agreement as a protective order. The logs of the 188 incidents were designated as confidential under the Confidentiality Agreement, and this Court sees no reason not to enforce this agreement. Accordingly, Defendant's Motion for Redaction (doc. no. 36) is **GRANTED** and the Clerk of the Court is **DIRECTED** to **SEAL** (1) Exhibit Seven to Document Thirty, and (2) Exhibit Two to Document Thirty-Three. Furthermore, the Confidentiality Agreement attached to the parties' Rule 26(f)

Report (doc. no. 8) is hereby **RATIFIED** by this Court, and its terms and conditions will apply henceforth in this case.

### IV. CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Admission of Prior Incidents (doc. no. 29) is **GRANTED IN PART AND DENIED IN PART**, Defendant's Motion for Hearing on Motions Related to Prior Similar Incidents (doc. no. 51) is **DENIED,** Plaintiff's Motion Disputing the Confidentiality of Prior Incidents (doc. no. 33 & 76) is **DENIED**, and Defendant's Motion for Redaction (doc. no. 36) is **GRANTED.** The Clerk of the Court is **DIRECTED** to **SEAL** (1) Exhibit Seven to Document Thirty, and (2) Exhibit Two to Document Thirty-Three.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of February, 2012.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

8